IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02564-WDM-CBS

AVELO MORTGAGE,

    Plaintiff,

v.

VICKI R. DILLARD-CROWE,
ANY AND ALL OCCUPANTS,
12066 NORTH 3RD STREET, PARKER, COLORADO 80134,

    Defendants.

## ORDER OF REMAND

Miller, J.

This case is before me on the Motion to Remand (doc no 4) filed by Plaintiff Avelo Mortgage. Defendant Vicki R. Dillard-Crowe removed this case to this Court on December 11, 2007 on the basis of diversity jurisdiction (28 U.S.C. § 1332) and federal question jurisdiction (28 U.S.C. § 1331), claiming that this case concerns the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692.

Plaintiff argues for remand on the grounds that this is a simple eviction action following a completed foreclosure whereby Plaintiff obtained title to the property formerly owned by Defendant Dillard-Crowe. As such, it does not concern the Federal Fair Debt Collections Practices Act and does not involve an amount at issue sufficient to meet the requirements of section 1332. My chambers attempted to set a hearing on this matter but Defendant Dillard-Crowe stated she was unavailable.

I agree with Plaintiff that this Court does not have jurisdiction over this matter. The complaint attached to Defendant's Notice of Removal demonstrates that the underlying action is an forcible entry and detainer following a foreclosure. Even if Defendant sought to assert as a defense to the eviction that the underlying foreclosure was invalid, the Federal Fair Debt Collections Practices Act is not applicable. *See, e.g., Williams v. Countrywide Home Loans, Inc.,* 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) (mortgage lenders collecting their own debts are not "debt collectors," within the meaning of the Fair Debt Collection Practices Act (FDCPA)). Accordingly, this case does not implicate federal law and jurisdiction under section 1331 does not exist.

In addition, I agree with Plaintiff that diversity jurisdiction under section 1332 is also absent. As Plaintiff admits, Defendant and Plaintiff are residents of different states. However, the amount in controversy is not the full amount of the previous mortgage, as Defendant asserts in her Notice of Removal, since the underlying debt is not at issue. In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The amount in controversy is determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations in the notice of removal. *Id.* at 1290. When the plaintiff's damages are unspecified, as they are here, the defendant must establish the jurisdictional amount by a preponderance of the evidence; the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Id.* (citations omitted; emphasis in the original). There

is a presumption against removal jurisdiction and, therefore, all doubts are resolved in favor of remand. *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Nothing in the complaint indicates that Plaintiff seeks damages in excess of $75,000, the jurisdictional minimum. Defendant's answer to the complaint apparently contains counter-claims, by which she seeks punitive damages, declaratory and equitable relief, and costs. As noted by Plaintiff, under Colorado law, Defendant is not entitled to assert a claim for punitive damages in an initial pleading. C.R.S. § 13-21-102 (1.5) (2007). These allegations also do not demonstrate an amount at issue sufficient to meet the requirements of diversity jurisdiction, since it is inconceivable that Plaintiff's costs will exceed $75,000. Defendant's mere assertion that the underlying mortgage is the "amount in controversy" will not suffice to demonstrate that this court has jurisdiction.[1]

Accordingly, it is ordered:

1. This case shall be remanded to the District Court, Douglas County, Colorado.

DATED at Denver, Colorado, on December 20, 2007.

                BY THE COURT:

                s/ Walker D. Miller
                United States District Judge

---

[1] Moreover, even if the matter were considered to put the underlying foreclosure at issue, I would again have to find that no jurisdiction exists under the *Rooker-Feldman* doctrine or decline to hear the matter under the *Younger* abstention doctrine, as Defendant is clearly attempting to use the federal court to invalidate the state foreclosure proceedings.