IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02564-WDM-CBS

AVELO MORTGAGE,

    Plaintiff,

v.

VICKI R. DILLARD-CROWE,
ANY AND ALL OCCUPANTS,
12066 NORTH 3RD STREET, PARKER, COLORADO 80134,

    Defendants.

**ORDER ON MOTION TO ALTER OR AMEND JUDGMENT**

Miller, J.

    This case is before me on the Motion to Alter or Amend Pursuant to Rule 59(e) (doc no 9) filed by Defendant Vicki R. Dillard-Crowe. I remanded this case to the District Court, Douglas County, Colorado on December 20, 2007. I concluded that Defendant had failed to meet her burden of establishing by a preponderance of the evidence that the amount in controversy was sufficient to confer jurisdiction in this Court based on diversity or that this case involved a question of federal law.

    Defendant asks that I alter or amend my remand order. As grounds, she first argues that my recitation of the facts concerning attempts to schedule a hearing on this matter was incorrect. She then argues that the *Rooker-Feldman* doctrine, to which I made reference in a footnote, is inapplicable. Since this was not the basis of my order, I discern no error. She also refers me to an order issued by the Honorable Christopher

A. Boyko in the United States District Court for the Northern District of Ohio. Judge Boyko's decision has no bearing on this matter, as it concerns issues of standing in several consolidated foreclosure proceedings, not subject matter jurisdiction, and is decided under Ohio law. In addition, Defendant appears to argue that she is entitled to present her case in this court because the foreclosure by which Plaintiff obtained title to the subject property was an expedited proceeding pursuant to Rule 120 of the Colorado Rules of Civil Procedure. Finally, she requests further opportunity to submit a brief in opposition to remand.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). My remand order did not rely on the *Rooker-Feldman* doctrine but rather on the face of the pleadings, which indicated that no federal question was involved and that the amount in controversy was not sufficient to confer jurisdiction based on diversity. A Rule 59(e) motion to alter or amend a judgment "should be granted only 'to correct manifest errors of law or to present newly discovered evidence.'" *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Defendant has presented no newly discovered evidence or demonstrated a manifest error of law such that I can conclude that I have jurisdiction over this matter or that further briefing is necessary.

Accordingly, it is ordered that the motion to alter or amend (doc no 9) is denied.

Defendant's Motion to Compel Ruling (doc no 15) is denied as moot.

DATED at Denver, Colorado, on January 15, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge